IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


THADDEUS DONALDSON           *
                     Plaintiff,
        v.                 *   CIVIL ACTION NO. RWT-06-2882

MAJOR C. THOMPSON, et al.[1]     *
OFFICER BREEDEN
               Defendants.    *
                        ***

## MEMORANDUM OPINION

### I.    PROCEDURAL HISTORY

Plaintiff filed this 42 U.S.C. § 1983 civil rights complaint for damages and injunctive relief, dated October 25, 2006, alleging that on October 23, 2007, Defendant Thompson, a major at the Jessup Correctional Institution ("JCI"), placed him on a special management meal ("food loaf") in spite of a physician's entry that the food loaf cannot be forced on him due to medical problems. (Paper No. 1 at 3). Plaintiff further claims that he has been denied "medical treatment" in the form of a prescribed diet.[2] He maintains that his health and safety are in jeopardy due to his placement on food loaf and he has been forced to go on a hunger strike. (Id.). On or about March 15, 2007, Plaintiff was subject to an interstate transfer to the Kentucky State Penitentiary. (Paper No. 13; Paper No. 14 at Ex. 2).

On April 2, 2007, Defendant Thompson filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion. (Paper No. 14). Although, Plaintiff was properly served with this Motion and provided notice of the dispositive

---

[1]     Major Thompson is the only Defendant named in this case.

[2]     Attachments to the Complaint show that Plaintiff was placed on a high-calorie diet in February of 2006, and a cardiovascular diet in August of 2006. (Paper No. 1 at Attachments).

pleading by this Court, no opposition has been filed.  The matter is ready for the undersigned's

consideration and may be determined without oral hearing.  See Local Rule 105.6 (D. Md. 2004).

II.    STANDARD OF REVIEW

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled

allegations of the complaint as true and construes the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 473

(4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley

v. Gibson, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal

conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular

acts or practices.  See Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989); United

Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to

any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ.

P. 56(c);  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477

U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue

as to any material fact.  No genuine issue of material fact exists, however, if the nonmoving party

fails to make a sufficient showing on an essential element of his or her case as to which he or she

would have the burden of proof.  See Celotex, 477 U.S. at 322-323.  Therefore, on those issues for

which the nonmoving party has the burden of proof, it is his or her responsibility to confront the

summary judgment motion with an affidavit or other similar evidence showing that there is a

genuine issue for trial.

III.   DISCUSSION

1.   Facts

There is no dispute that on October 23, 2006, Major Thompson ordered that Plaintiff be placed on food loaf[3] for ten days in response to several days of misbehavior involving holding open his feed-up slot and slowing down the delivery of the breakfast meal.  (Paper No. 14, Ex. 1).  The placement was reviewed by a physician's assistant, who noted that the loaf would have to meet Plaintiff's cardiovascular dietary requirements.  (Id.).

On November 7, 2006, Plaintiff was seen by medical personnel because he had refused three meals.  (Id.).  Health care staff noted that Plaintiff's loaf meals were being prepared to meet his cardiovascular requirements and he showed no evidence of ketosis.[4]  (Id.).  Plaintiff refused to sign a document advising him of the effects of starvation.  He was instructed on the hunger strike protocol and was to be seen by healthcare staff three times weekly.  (Id.)

Defendant states that Plaintiff did not file a grievance as to his placement on food and that, in any event, Plaintiff was provided his required diet pursuant to prison regulations while confined at JCI.  (Id.).

_____

[3]      In August 2000, the Division of Correction adopted a policy allowing prisoners to be fed a special management meal or "food loaf" as a type of behavior modification.  The meal is provided three times a day in lieu of regular meals.  See Division of Correction Directive ("DCD") 110-18.  Food loaf consists of whole wheat bread, imitation cheese, carrots, spinach, raisins, Great Northern Beans, vegetable oil, tomato paste, powdered milk, and potato flakes.  These ingredients are kneaded into loaves and baked.  See DCD 110-18, § VI.E, Appendix 2.  Food loaf is designed to provide approximately 940 calories per serving, or 2,820 calories per day.  Prison officers are required to consult with medical staff within two working days of an inmate's placement on the special management meal program to ensure there are no medical reasons why it should not be used.  Id.

[4]      Ketosis is a condition characterized by the enhanced production of ketone bodies, and is indicative of diabetes mellitus or starvation.  See Stedman's Medical Dictionary 918 (26th ed.1995).

2.      Legal Analysis

Based on the facts presented, Defendant moves this Court to dismiss the Complaint, or alternatively, grant summary judgment, on a number of grounds.  Major Thompson argues that the case is subject to dismissal due to Plaintiff's "wilful" failure to exhaust available administrative remedies prior to filing his Complaint.  He further asserts that Plaintiff's request for injunctive relief is moot, based upon his transfer to Kentucky,   Finally, Thompson maintains that Plaintiff has failed to allege a claim of constitutional dimension.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Woodford v. Ngo, 126 S.Ct. 2378, 2385 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s).  See Jones v. Bock, 127 S.Ct. 910, 919 (2007).

Defendant states, through the affidavit of Litigation Coordinator Michael Miller, that Plaintiff did not file any administrative remedies in all of 2006 in reference to this Complaint.  He

therefore asserts that this case should be dismissed for non-exhaustion.  Plaintiff does not refute this argument.  As this Complaint falls under the exhaustion prerequisites of § 1997e(a) and Plaintiff clearly failed to file any grievance on the matter, his Complaint must be dismissed.  Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 682 (4th Cir. 2005),  Chase v. Peay, 286 F.Supp.2d 523, 528 (D. Md. 2003).[5]

Alternatively, the Court finds no Eighth or Fourteenth Amendment violation.  The undersigned observes that "[I]nmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it."  Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (citations omitted).  Further, this Court has previously held that placement on the special management meal plan or food loaf does not constitute cruel and unusual punishment and does not, in the absence of any adverse health effects, constitute an atypical and significant hardship as to deprive an inmate of a due process liberty interest.  See Doucett v. Warden, MCAC, 2001 WL 604187, *1 (D. Md. May 31, 2001); see also, Adams v. Kincheloe, 743 F. Supp. 1385, 1390 (E.D. Wash. 1990); United States v. Michigan, 680 F. Supp. 270, 274-75 (W.D. Mich. 1988) (Eighth Amendment requires only that inmates be provided with a nutritionally adequate diet, served in a sanitary manner, and the fact that it is unappetizing, in itself, will not support a constitutional claim).

The record shows that Plaintiff's October, 2006 placement on the special management meal was monitored by health care staff and approved as long as certain dietary protocols were

---

[5]     Under Chase, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the final level of appeal within Maryland's administrative grievance system for prisoners.  See Chase v. Peay, 286 F.Supp.2d 523 at 529 (emphasis added).

maintained.   Defendant states, and it is not refuted, that Plaintiff's food loaf was prepared in accordance with his cardiovascular dietary restrictions.    Further, Plaintiff has failed to sustain his burden of showing that his health was adversely affected by his placement on the meal.   No constitutional violation has been demonstrated.

IV.   <u>CONCLUSION</u>

For the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby granted.   Judgment is entered in favor of Defendant.   A separate Order follows.

Date: 4/30/07                                        _____/s/_____
                                                     ROGER W. TITUS
                                                     UNITED STATES DISTRICT JUDGE